Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YESH MUSIC, LLC,

      Plaintiff,

   v.

TRINITY COLLEGE,

      Defendant,
-----------------------------------------------------------------x

Index No.: 17-cv-5892

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

  Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant TRINITY COLLEGE, based on its intentional infringement of plaintiff's copyrighted musical work "*Steeltown (Part 1)*" - U.S. Copyright Registration SR 708-536 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

  1. At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings which originate from the band *The American Dollar*. The sole members of plaintiff are Richard Cupolo

and John Emanuele; the artists in *The American Dollar*.

2.      A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Steeltown (Part 1)*", and the assignment of same which was also registered with the U.S. Copyright Office, are annexed and incorporated hereto as **Exhibit 1.**

3.      Plaintiff is informed and believes, and on that basis avers, defendant Trinity College ("TRINITY") is an educational institution with a primary business office located at 300 Summit Street, Hartford CT 06106.

## JURISDICTION

4.      The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).  This action is a civil action over which this court has original jurisdiction.

5.      This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction.

6.      TRINITY published at least one infringing audiovisual advertisement (the "Subject Advertisement") on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade.

7.      Upon information and belief, TRINITY solicits money through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

8.      Defendant TRINITY synchronized, reproduced, and distributed the Subject Advertisement through websites like YouTube.  This is a tort (copyright infringement) committed without the state.

9.      Upon information and belief, Defendant is a well-established educational institution and draws a significant percent of its student body and revenue from New York.  In fact,

defendant advertises itself as a "New York" partner for recruitment purposes.

10. Defendant frequently plays collegiate sports in this Judicial District, from which it derives substantial revenue.

11. The copyright owner resides in Queens, NY, and the injury was felt in that Judicial District.

12. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

13. Defendant was expressly told there was no license by email dated September 7, 2017.

14. Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

15. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## **VENUE**

16. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

17. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

18. Plaintiff's copyrighted recording was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

## **FACTS**

19. Defendant synchronized and distributed plaintiff's copyrighted recording "*Steeltown (Part 1)*" in an advertisement titled "Trinity College Explores Iceland" found at https://www.youtube.com/watch?v=vuNkDdHu7v0.

20. Defendant failed to include an attribution in the Subject advertisement.

21. Plaintiff's Copyrighted Recording runs the length of the Subject Advertisement.

22. Defendant had no license or permission for any use.

23. Plaintiff discovered the infringement in September 2017, and immediately notified defendant by email. See **Exhibit 2**.

24. Defendant elected to ignore the email and continue to infringe, thus, necessitating the present action.

25. This is clearly an intentional infringement pursuant to 17 U.S.C. 504(c)(2).

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

26. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

27. Defendant has, without a synchronization license, synchronized plaintiff's copyrighted recordings "*Steeltown (Part 1)*", to at least one advertisement.

28. Defendant, without any license or authority, reproduced and distributed the Subject Advertisement through YouTube.

29. Defendant failed to attribute *The American Dollar* on the Subject Advertisement.

30. It cannot be disputed plaintiff has a valid, registered copyright, and that defendant has synchronized, reproduced, and distributed plaintiff's Copyrighted Recording without a license; thus infringing plaintiff's rights under the Copyright Act.

31. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

32. Even after defendant was put on notice of the infringement by email; it elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's Copyrighted Recording.

33. The synchronization, reproduction, and/or distribution, of the Copyrighted Recording was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

34. Defendant's knowledge may be inferred from its conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

35. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees.

36. Plaintiff may recover its actual damages, and defendant's profit, to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

37. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. § 1201, et seq.

38. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

39. Section 1202 provides, in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered

without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b).

40. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note 18.

41. Defendant failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

42. The defendant violated the DMCA each time it wrongfully distributed the Copyrighted Recording.

43. Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Recording, removing and/or altering the anti-circumvention software.

44. Defendant did the forgoing with the intent to conceal the infringement.

45. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1) restitution of defendant's unlawful proceeds, including defendant's gross profits;

2) compensatory damages to plaintiff in an amount to be ascertained at trial;

3) one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4)   an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5)   plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6)   pre- and post-judgment interest to the extent allowable; and,

7)   such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 8, 2017

**GARBARINI  FITZGERALD P.C.**

By: *Richard M. Garbarini*

Richard M. Garbarini (RG  5496)
250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9479